UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 21-CV-1148

| | |
|---|---|
| Contreras & Metelska, P.A. | ) |
| Plaintiff, | ) |
| v. | ) Complaint |
| U.S. Immigration & Customs Enforcement (ICE); U.S. Department of Homeland Security (DHS), | ) |
| Defendants. | ) |

## **INTRODUCTION**

1. Plaintiff brings this action to redress violations of the Freedom of Information Act ("FOIA"). The Defendants have failed to timely respond to Plaintiff's FOIA request. Additionally, Defendants have unlawfully withheld responsive documents requested by Plaintiff without providing adequate justification.

2. This is an action under the FOIA, 5 U.S.C. § 552, seeking to compel Defendants to immediately release all documents responsive to Plaintiff's FOIA request (filed by Plaintiff and received by Defendants on March 22, 2021, and attached as Exhibit 1 to this Complaint).

3. Defendants are unlawfully withholding information sought by Plaintiff, Contreras & Metelska, information to which it is entitled and for which no valid disclosure exemption applies. Defendants have

failed to comply with the statutory mandates and deadlines imposed by FOIA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(C)(i). Because this action arises under FOIA against an agency of the United States, this Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

6. Plaintiff, Contreras & Metelska, is an immigration law firm with its principal place of business located at 200 University Avenue W., Suite 200, Saint Paul, MN 55103. Founded in 2009, Contreras & Metelska provides legal assistance to noncitizens. Contreras & Metelska represents numerous clients in removal proceedings before the immigration courts and in communications with the U.S. Immigration and Customs Enforcement ("ICE") agency. Contreras & Metelska employs a number of attorneys and uses these attorneys to provide legal services to its clients.

7. Defendant U.S. Department of Homeland Security ("DHS") is an administrative agency within the meaning of 5 U.S.C. § 552(f)(1) under the direction and supervision of the Secretary of Homeland Security. DHS houses the subcomponent ICE. *See generally* 6 U.S.C. § 112(b)(3).

8. Defendant ICE is a subcomponent of DHS, 6 U.S.C. § 251, and an agency within the meaning of 5 U.S.C. § 552(f)(1). ICE is responsible for immigration investigations, enforcement, and removal operations.

9. Defendants have custody and control over the records the Plaintiff seeks to have made publicly available under 5 U.S.C. § 552(a)(2).

## EXHAUSTION

10. On March 22, 2021, Plaintiff filed a FOIA request with ICE by emailing that request to ICE-FOIA@dhs.gov, in accordance with ICE's instructions for submitting FOIA requests. *See* Exh. 1 (FOIA request); Exh. 2 (instructions for submitting a FOIA request); Exh. 3 (email proof of FOIA request being sent).

11. Per the FOIA, Defendants have 20 business days to make a determination on Plaintiff's FOIA request. 5 U.S.C. § 552(a)(6)(A)(i). The determination must comply with the requirements of 5 U.S.C. § 552(a)(6)(A)(i)(I)-(III)(bb).

12. In circumstances involving "unusual circumstances," the 20-day time limit may be extended by no "more than ten working days," except in limited circumstances not applicable here. *See* 5 U.S.C. § 552(a)(6)(B)(i)-(ii).

13. Because Plaintiff's FOIA request was received by ICE on March 22, 2021, the first business day that counts for purposes of a timely determination is March 23, 2021. *See* Fed. R. Civ. P. 6(a)(1)(A).

4 | P a g e

14. April 19, 2021 was the 20th business day following Plaintiff's FOIA request.

15. May 3, 2021 was the 30th business day following Plaintiff's FOIA request.

16. Defendants did not make a determination within 20 or 30 business days of receiving Plaintiff's FOIA request. As such, Defendants have violated 5 U.S.C. § 552(a)(6)(A)(i).

17. "Any person making a request to any agency for records under paragraph (1), (2), or (3) of [5 U.S.C. § 552(a)] shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i).

18. Plaintiff has exhausted its administrative remedies as required by law.

## STATEMENT OF FACTS

19. Plaintiff incorporates by reference all prior paragraphs.

20. Since Plaintiff filed a FOIA request on March 22, 2021, more than 30 working days have elapsed.

21. Since Plaintiff filed its FOIA request, Defendants have not acknowledged receiving the request, issued a determination, provided a FOIA tracking/case number, or otherwise issued any correspondence to Plaintiff.

5 | P a g e

22. Plaintiff's FOIA request reasonably describes the records it seeks and was made in accordance with published rules stating the time, place, fees, and procedures to be followed.

23. Defendants have not complied with the FOIA, are delaying processing Plaintiff's FOIA request, and are thereby withholding documents required by law to be turned over to Plaintiff.

## CLAIMS FOR RELIEF

## CAUSE OF ACTION

**Violation of the Freedom of Information Act, 5 U.S.C. § 552**

### Count 1: Unlawful Delay

26. Plaintiff repeats, alleges, and incorporates, as fully set forth herein, each and every allegation contained in paragraphs 1-23 above.

27. Defendants are obligated under 5 U.S.C. § 552(a)(6)(A)(i) to promptly produce records responsive to the Plaintiff's March 22, 2021 FOIA request.

28. Defendants never provided Plaintiff with a determination stating whether it will comply with Plaintiff's request, as is required by 5 U.S.C. § 552(a)(6)(A).

29. More than 30 working days have elapsed since Plaintiff filed their FOIA request with Defendant ICE, meaning that Defendants' failures to provide a determination within the meaning of 5 U.S.C. § 552(a)(6)(A) is unlawful.

30. Plaintiff has a legal right to obtain such records, and no legal basis for Defendants' failures to disclose them exists.

31. Defendants' failures to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder.

### Count 2: Inadequate Justification for Withholding

32. Plaintiff repeats, alleges, and incorporates, as fully set forth herein, each and every allegation contained in paragraphs 1-31 above.

33. Defendants are obligated under 5 U.S.C. § 552(a)(6)(A)(i) to promptly produce records responsive to the Plaintiff's March 22, 2021 FOIA request.

34. On March 22, 2021, Defendant ICE received Plaintiff's FOIA request in its email inbox.

35. Defendants have not disclosed the records to Plaintiff that were the subject of Plaintiff's FOIA request, nor have Defendants provided any reason for so failing to act.

36. Defendants have not invoked any of the exemptions to FOIA disclosures that might permit Defendants not to disclose the requested records.

37. Plaintiff has a legal right to obtain such records, and no legal basis for Defendants' withholding of responsive documents exists.

38. Defendants' failure to disclose all responsive records violates, at a minimum, 5 U.S.C. § 552(a)(4), as well as the regulations promulgated thereunder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants as follows:

a. Declare that Defendants have failed to provide Plaintiff with a timely "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A);

b. Declare that the Defendants' failures to disclose the records responsive to the Plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(3)(A), as well as the regulations promulgated thereunder;

c. Declare that Plaintiff's request is not a commercial use request within the meaning of the FOIA and the regulation promulgated thereunder;

d. Declare that Defendants may not charge Plaintiff any search fees even if Plaintiff's request is a commercial use request;

e. Grant Plaintiff's request for a full and complete fee waiver;

f. Order the Defendants to expeditiously process and disclose all responsive, nonexempt records, and enjoin the Defendants from improperly withholding records;

g. Award the Plaintiff reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), and any other applicable statute or

regulation; and

h. Grant such other relief as the Court may deem just, equitable, and appropriate.

DATED: May 4, 2021

Respectfully submitted,

/s/ *Nico Ratkowski*
Nico Ratkowski
MN Attorney ID: 0400413
Contreras & Metelska, P.A.
200 University Avenue W., STE 200
Saint Paul, MN 55103
P: (651) 771-0019
F: (651) 772-4300
nico@contrerasmetelska.com

*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT

Nico Ratkowski, under penalty of perjury, states the following:

1. That he is an attorney employed by Contreras & Metelska, PA, the attorneys for Plaintiff in this case.

2. That he affirms the truth of the contents thereof upon information and belief, and he believes same to be true, and he further states that the sources of this information and belief are documents provided to him by Plaintiff and by Defendants.

DATED: May 4, 2021                           Respectfully submitted,

/s/ *Nico Ratkowski*
Nico Ratkowski
MN Attorney ID: 0400413
Contreras & Metelska, P.A.
200 University Avenue W.
STE 200
Saint Paul, MN 55103
P: (651) 771-0019
F: (651) 772-4300
nico@contrerasmetelska.com

*Attorney for Plaintiff*